# United States Court of Appeals for the Fifth Circuit

---

No. 25-10364
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

Joseph Richards,

*Plaintiff—Appellant*,

*versus*

Kelly S. Rowe, *Sheriff*; Mike Reed, *Chief Deputy*; Cody S. Scott, *Chief Deputy*; Kristina Luera, *Step Up Coordinator*; Whitney Robinson, *Jailer*; Jennifer Lamar, *Jailer*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CV-171

---

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Joseph Richards, Lubbock County pretrial detainee # 190578, filed a 42 U.S.C. § 1983 complaint alleging that various employees of the Lubbock County Detention Center removed religious items from his cell or allowed such actions to happen without interference and discriminated against him

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on the basis of his religious beliefs and his sexual orientation. He also asserted that jail officials failed to train subordinates or advise them not to disrespect the religious practices or beliefs of inmates. Richards consented to proceed before a magistrate judge, who dismissed the allegations for failure to state a claim upon which relief may be granted; the magistrate judge also denied Richards leave to proceed in forma pauperis (IFP) on appeal. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii). Richards has now filed a motion for authorization to proceed IFP on appeal.

An appellant's motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The magistrate judge determined that Richards's appeal would not be taken in good faith for the reasons given in the order of dismissal. Before this court, Richards asserts that he is indigent and unable to pay the filing fee. He also contends that he has a valid constitutional claim and that he should be allowed to proceed so that he may preserve his rights to practice his religion freely. Richards has not, however, identified any error in the magistrate judge's analysis or challenged the reasons for the dismissal, constituting a failure to brief any challenge to the basis for the IFP denial. *See id.*; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Richards is seeking to argue that his rights to practice his religion are protected by statute, he did not raise such a claim in the district court, and he may not present a new theory of relief for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Richards's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. His motion for appointment of counsel is likewise DENIED. The dismissal of this appeal counts as a strike under 28 U.S.C.

No. 25-10364

§ 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  In addition, the magistrate judge's dismissal of the complaint for failure to state a claim upon which relief may be granted also counts as a strike.  *See* 28 U.S.C. § 1915(g); *Adepegba*, 103 F.3d at 388.  Richards is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).